The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARILYN STARBUCK, *et al.*,

    Plaintiffs,

v.

PUGET SOUND ENERGY INC., *et al.*,

    Defendants.

NO. 23-cv-1237

**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND**

## I.   INTRODUCTION

Plaintiffs sued Defendants in Snohomish County Superior Court seeking money damages, and declaratory and injunctive relief, for a deadly fire that occurred at their home in Everett, Washington on April 25, 2019. Plaintiffs allege that the fire originated from a water heater owned by Defendant, Puget Sound Energy Inc. ("PSE"), and fueled by natural gas supplied by PSE. PSE, with consent of all Defendants,[1] removed the case to this Court on August 11, 2023, arguing that although Plaintiffs asserted only state law claims, their allegations necessarily arise under federal

---

[1] Defendants Washington Energy Services Company, LLC and Longboard Holdings, Ltd. were dismissed from the State Court Action with prejudice on July 14, 2023. Removal 2 n.2. In addition to PSE, remaining Defendants are Bradford White Corporation and Honeywell International Inc. The water heater was manufactured by Bradford White Corporation, employing a gas flow control valve manufactured by Honeywell International, Inc. Compl. 3, ECF No. 1-3.

ORDER GRANTING PLAINTIFFS' MOTION TO REMAND

- 1

1 law, because natural gas is piped through the interstate pipeline system, which is explicitly regulated

2 by a Gas Tariff on file with the Federal Energy Regulatory Commission ("FERC") under authority

3 of the Natural Gas Act ("NGA"), 15 U.S.C. § 717 *et seq.* Removal 2-3, ECF No. 1.

4     Currently pending before the Court is Plaintiffs' Motion to Remand for Lack of Jurisdiction,

5 ECF No. 18, which Defendants have opposed. Having reviewed the parties' filings,[2] the record of

6 the case, and the relevant legal authorities, the Court GRANTS Plaintiffs' motion and remands this

7 case to Snohomish County Superior Court. The reasoning for the Court's decision follows.

## II.     BACKGROUND[3]

On April 25, 2019, the Starbuck family home in Everett, Washington caught fire, causing Marilyn Starbuck severe burns, and killing her mother, Josefa Starbuck, as well as the family pets. Compl. ¶¶ C.3.16-3.27; ¶¶ D.3.31-3.33; ¶ XIV.14.1. The home and contents were a total loss, estimated at over $700,000. *Id.* ¶ C.3.29. The Everett Fire Department's investigation found evidence that the fire originated in the basement in the area of the water heater and furnace. *Id.* ¶ C.3.30. Further investigation revealed that the fire originated at the base of the natural gas-fueled water heater located in the basement of the house. *Id.* ¶¶ E.3.30-3.31. The investigation also revealed that the water heater's control valve had become severely corroded over time from "wet gas" and did not properly close, which allowed natural gas to escape and burn outside of the water heater, igniting nearby combustibles and eventually, the floor joists and planking above the water heater. *Id.* ¶ E.3.31.

---

[2] Pls.' Mot., ECF No. 18; Defs.' Opp'n, ECF No. 30; Reply, ECF No. 24, together with the accompanying declarations and exhibits, the Notice of Removal, ECF No. 1, and the Second Amended Complaint, ECF No. 1-3.

[3] The analysis of jurisdiction, which is at issue here, is based solely on "the pleadings filed at the time of removal," *City of Oakland v. BP PLC*, 969 F.3d 895, 903 (9th Cir. 2020), which is the Plaintiffs' Second Amended Complaint filed in State Court, ECF No. 1-3.

ORDER GRANTING PLAINTIFFS' MOTION TO REMAND

- 2

PSE supplied the natural gas to the Starbuck's home, leased the water heater to the Starbucks, and was responsible for its maintenance. *Id.* ¶¶ E. 3.30, 3.37; ¶¶ B.3.5-3.7, 3.9-3.10.[4] The water heater was manufactured and sold by Bradford White Corporation, and the control valve was manufactured and sold by Honeywell International Inc. *Id.* ¶¶ E.3.38-3.39; ¶¶ B.3.7-3.8. Plaintiffs allege that PSE, Bradford White, and Honeywell are liable for the fire and the damage it caused. In sum,

> PSE supplied the Starbuck property with "wet gas," which is natural gas that is contaminated by an excessive amount of water. The contaminated gas created extreme corrosion of the Honeywell control valve within the 5-year-old Bradford White water heater. The Honeywell control valve and, in turn, the Bradford White water heater, malfunctioned after being exposed to contaminated gas over time. PSE failed to inspect or properly maintain its water heater, as was required by Washington law, its lease agreement with the Starbucks, its statements to the public and its customers, and the Bradford White manufacturer specifications. The contaminated gas corroded the control valve and water heater, leading directly in an unbroken sequence to the fatal fire that destroyed the home and devastated the Starbuck family.

*Id.* at 2.

The Plaintiffs are Marilyn Starbuck, her sister, Elizabeth Maple, and Steven Shaw as Personal Representative of the Estates of both Charles Starbuck[5] and Josefa Starbuck. They assert ten causes of action against PSE, and the third claim is asserted against all Defendants:

- First Cause of Action – Common Law Negligence & Negligence Per se
- Second Cause of Action – *Res Ipsa Loquitor*
- Third Cause of Action – RCW 7.72 *et seq.* [Product Liability]

---

[4] Defendant, Washington Energy Services Company, installed the water heater in the Starbuck home. Compl. ¶ E.3.40; ¶ B.3.7. As previously noted, this Defendant was dismissed from the State Court Action with prejudice on July 14, 2023. Removal 2 n.2.

[5] Dr. Charles Starbuck died on July 21, 2022. Compl. ¶ D.3.33. His estate is a beneficiary of Josefa Starbuck's estate. *Id.* ¶ I.1.2.

ORDER GRANTING PLAINTIFFS' MOTION TO REMAND

- 3

- Fourth Cause of Action – Breach of Contract
- Fifth Cause of Action – RCW 62A-2 *et seq.* [Uniform Commercial Code]
- Sixth Cause of Action – RCW 62A-2A *et seq.* [Implied Warranties]
- Seventh Cause of Action – *Per se* Violation of Washington Consumer Protection Act
- Eighth Cause of Action – Violation of Consumer Protection Act
- Ninth Cause of Action – RCW 80.28 *et seq.* & WAC 480-90 *et seq.* [Public Utility]
- Tenth Cause of Action – Public Service Corporation

*Id.* at 17-29. After being served, PSE removed the case to this Court under 15 U.S.C. § 717u and 28 U.S.C. §§ 1331, 1441(a), on the basis that Plaintiffs' claims necessarily raise a question of federal law. Removal 5. Plaintiffs move to remand the case back to state court for lack of jurisdiction, arguing that this case is strictly a Washington state case. Mot. 2.

### III.   LEGAL STANDARD

The Ninth Circuit has characterized a motion to remand challenging the existence of removal jurisdiction as "the functional equivalent of a defendant's motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1)." *Leite v. Crane Co.*, 749 F.3d 1117, 1122 (9th Cir. 2014). Federal Rule of Civil Procedure 12(b)(1) allows a party to challenge a federal court's jurisdiction over the subject matter of the complaint. If at any time before final judgment it appears that the federal district court lacks subject matter jurisdiction, "the case shall be remanded" to state court. 28 U.S.C. § 1447(c); *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996).

A defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction if the action could have been brought in federal court originally. 28 U.S.C. § 1441. Federal question jurisdiction exists over "civil actions arising under the Constitution, laws,

ORDER GRANTING PLAINTIFFS' MOTION TO REMAND

- 4

or treaties of the United States." 28 U.S.C. § 1331. "The general rule, referred to as the 'well-pleaded complaint rule,' is that a civil action arises under federal law for purposes of § 1331 when a federal question appears on the face of the complaint." *City of Oakland v. BP PLC*, 969 F.3d 895, 903 (9th Cir. 2020) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). There is a "long-settled understanding that the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction," *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986).

Jurisdiction is based on the pleadings filed at the time of removal and is based "solely on the plaintiff's claims for relief and not on anticipated defenses to those claims." *Id.* (quoting *ARCO Env't Remediation, L.L.C. v. Dep't of Health & Env't Quality of Mont.*, 213 F.3d 1108, 1113 (9th Cir. 2000)). Removal requirements should be strictly construed. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). A removing party bears the burden of establishing federal jurisdiction and must overcome a "strong presumption" against removal. *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006); *Gaus*, 980 F.2d at 566. Federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566. "[T]he court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing *Gaus*, 980 F.3d at 566).

### IV. DISCUSSION

Plaintiffs maintain that they are "*Washington state* residents" who sued "PSE (a *Washington state* utility) in *Washington State* Superior Court for *Washington state* torts, *Washington state* breaches of contract, and violations of multiple *Washington state* statutes." Mot. 2. They contend this case was inappropriately removed to this Court, which lacks jurisdiction, and requires remand back to state court where it belongs. *Id.* at 2-3. PSE contends that although Plaintiffs have asserted

only state law claims, this Court has jurisdiction because the claims arise under the NGA and necessarily raise a question of federal law. Removal 5.

Plaintiffs have not pleaded any federal claims, but "federal question jurisdiction encompasses more than just federal causes of action. Federal courts have jurisdiction to hear 'cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Indep. Living Ctr. of S. California, Inc. v. Kent*, 909 F.3d 272, 278 (9th Cir. 2018) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 27–28 (1983)). A question of federal law is "substantial" enough to establish jurisdiction if the federal issue is "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disturbing the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013) (citing *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313-14 (2005)). "All four requirements must be met for federal jurisdiction to be proper." *City of Oakland*, 969 F.3d at 904-05 (citing *Gunn*, 568 U.S. at 258). A federal defense is not sufficient to create federal question jurisdiction. *Caterpillar*, 482 U.S. at 393 (citing *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 10 (1983)).[6]

According to PSE, the state law claims in this case necessarily raise a substantial federal question because the dispute requires the Court to apply federal law to the facts of the case.

---

[6] One exception to this rule is the "'complete pre-emption' doctrine," under which a federal cause of action completely preempts a state cause of action. *Caterpillar*, 482 U.S. at 393. That is not at issue here, and PSE does not contend that this Court has jurisdiction due to a federal preemption defense, although PSE raises a preemption defense in its motion to dismiss. Opp'n 11. To the extent that some of PSE's arguments may be more accurately characterized as the affirmative defense of preemption, they do not support federal-question jurisdiction. *Caterpillar*, 482 U.S. at 393 ("[I]t is now settled law that a case may not be removed to federal court on the basis of . . . the defense of pre-emption.").

ORDER GRANTING PLAINTIFFS' MOTION TO REMAND

- 6

Specifically, PSE contends that the FERC tariff supplies the applicable standard of care. PSE obtains its natural gas for sale to customers from Northwest Pipeline LLC ("NWP"), as evidenced by NWP's gas tariff and service agreements on file with FERC.[7] Opp'n 3 (citing Harmon Decl. ¶¶ 3-4, Ex. D, ECF No. 3). The tariff sets the standard for the water content of the natural gas transported by pipeline from NWP to PSE. Harmon Decl. ¶¶ 3-8, Exs. A-1–B2. PSE then transports the gas to PSE customers. *Id.* PSE argues that the FERC tariff standard necessarily applies to all of Plaintiffs' claims, because every claim depends upon the allegation that PSE supplied "wet gas." Opp'n 1-2.

PSE is incorrect. Contrary to PSE's argument, it is not necessary for Plaintiffs to prove a violation of the federal tariff standard to prevail on Plaintiffs' negligence claim, nor on their claims for breach of contract or product liability. First, the Court notes that NWP's gas tariff and service agreements refer specifically to NWP's delivery of gas to PSE; the agreements do not address PSE's delivery of gas to its customers within Washington State. The NGA "clearly delineates between interstate natural gas transactions, which are subject to the NGA, and intrastate transactions, which are not." *BP Am., Inc. v. FERC*, 52 F.4th 204, 215 (5th Cir. 2022). The NGA applies "to the transportation of natural gas in interstate commerce, to the sale in interstate commerce of natural gas for resale . . . and to natural-gas companies engaged in such transportation or sale," but it does not apply "to the local distribution of natural gas." 15 U.S.C. § 717(b). Further, PSE is a Washington State natural gas utility that is regulated by the Washington Utilities and Transportation Commission ("WUTC"). *See* Bender Decl. Exs 1-1, ECF No. 19-2. As such, PSE is subject to the

---

[7] The FERC tariff is the "equivalent of a federal regulation." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 839 (9th Cir. 2004)); *accord In re FirstEnergy Sols. Corp.*, 945 F.3d 431, 458 (6th Cir. 2019) (Griffin, J., concurring in part) (a tariff "is to be treated as though it were a statute") (citing cases); *Marcus v. AT&T Corp.*, 138 F.3d 46, 56 (2d Cir. 1998) ("[F]ederal tariffs are the law.").

ORDER GRANTING PLAINTIFFS' MOTION TO REMAND

- 7

tariffs and rules on file with the WUTC. *See* https://www.pse.com/en/pages/rates/gas-tariffs-and-rules (last visited Nov. 3, 2023). Finally, "industry standards and regulations alone do not set a utility's duty of care in a tort." *Walter Family Grain Growers, Inc. v. Foremost Pump & Well Servs., LLC*, 21 Wn. App. 2d 451, 453 (2022). PSE is subject to the standard of care that exists in every negligence action: "The care to be exercised . . . is such as a reasonably careful and prudent person, having in view the dangers to be avoided and the likelihood of injury therefrom, would exercise under the circumstances[, in] order to prevent injury." *Id.* at 461 (quoting *Scott v. Pacific Power & Light Co.*, 178 Wash. 647, 649 (1934)).

Here, Plaintiffs have not alleged a violation of the federal tariff.[8] Rather, Plaintiffs allege only that the gas delivered by PSE to Plaintiffs' home contained excess water that caused the corrosion of the water heater valve. Specifically, Plaintiffs allege that PSE failed "to ensure that the natural gas it supplied to the home was not contaminated" and failed to "ensure and/or supervise the proper installation, inspection, maintenance, updating and repair of the gas lines, facilities, and appliances serving the premises." Compl. ¶ 4.5; *see also* ¶ 4.3 (same); ¶ 5.3 ("[PSE] owned the gas supplied to the home, the gas main in the street, the gas line to the home, the gas lines within the home and connecting to the water heater, and it owned the water heater itself."); ¶ 6.21 ("[Defendants'] products were not reasonably safe as designed and/or not reasonably safe because adequate warnings or instructions were not provided."); ¶ 7.3 (PSE owed contractual duties to the Starbucks under the parties' agreements pertaining to the water heater and the contract under which it supplied natural gas to the Starbuck home."). In short, Plaintiffs allegations do not relate to the

---

[8] Even if Plaintiffs did raise the tariff, the presence of a claimed violation of a regulation or statute as an element of a state cause of action is insufficiently "substantial" to confer federal-question jurisdiction. *Merrell*, 478 U.S. at 814.

ORDER GRANTING PLAINTIFFS' MOTION TO REMAND

- 8

quality of interstate gas that NWP delivered to PSE miles away from PSE's delivery of gas to Plaintiffs' home.[9] Whether or not that gas was in compliance with the tariff is not in dispute.

PSE cites *BP* for the proposition that "once gas is sold or transported in a transaction subject to [Natural Gas Act] regulations, all subsequent transactions, whether interstate or intrastate, are controlled by the NGA." Opp'n 4 (quoting *BP Am.*, 52 F.4th at 215). However, that quote did not represent the court's statement of law; it represented FERC's position in that case, which was not disputed, and it specifically related to FERC's control over gas price agreements, not gas quality. Even if PSE can establish in its defense that it operated within the federal regulations for the water content of the natural gas it delivered to Plaintiffs' home, it would not establish that PSE was not negligent in its maintenance of the water heater, or that it satisfied the state law duties to exercise reasonable care, nor does it preclude a finding of negligence for failure to take additional precautions that a reasonable utility in the State of Washington would have taken.

In short, Plaintiffs' state law claims do not lose their character because a tariff exists that regulates the interstate transmission of natural gas governing the contracts between NWP and PSE. Plaintiffs chose to bring their state law claims in Washington state court, and the Court finds no substantial federal question that must be resolved requiring these claims to be adjudicated in a federal court. Resolving all ambiguity in favor of remand, the Court finds that PSE has not met its burden of establishing federal jurisdiction. This case shall be remanded back to the state court from whence it came.

---

[9] The Court notes that PSE has provided reports showing that NWP gas is in compliance with the tariff. ECF No. 3. PSE provided no reports showing that PSE complied with the tariff after it took possession of the natural gas from NWP.

ORDER GRANTING PLAINTIFFS' MOTION TO REMAND

- 9

## V.   CONCLUSION

For the foregoing reasons:

1. Plaintiffs' Motion To Remand For Lack of Jurisdiction, ECF No. 18, is GRANTED;

2. This case is remanded to Snohomish County Superior Court.

DATED this 6th day of November 2023.

*Barbara J. Rothstein*

Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER GRANTING PLAINTIFFS' MOTION TO REMAND

- 10